IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LEN JOHN ALLEN,                )
                               )    Civil No. 06-227-ST
        Petitioner,            )
                               )
    v.                         )
                               )
GUY HALL,                      )
                               )    FINDINGS AND RECOMMENDATION
        Respondent.            )

    Lisa Hay
    Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, Oregon 97204

        Attorney for Petitioner

    Hardy Myers
    Attorney General
    Lester R. Huntsinger
    Senior Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

///

1 - FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254 seeking to challenge the legality of numerous state court convictions. For the reasons set forth below, the Second Amended Petition for Writ of Habeas Corpus (docket #13) should be denied, and a judgment should be entered dismissing this case with prejudice.

## BACKGROUND

Petitioner sexually assaulted six prostitutes in the Eugene area in 1999 leading to his indictment in two different cases in Lane County. In February 2000, the Lane County Grand Jury returned a nine-count indictment against petitioner charging him with four counts of Rape in the First Degree, two counts of Sodomy in the First Degree, Sexual Abuse in the First Degree, Attempted Rape in the First Degree, and Unlawful Sexual Penetration in the First Degree. He was indicated in a second action in April 2000 on two additional counts of Rape in the First Degree. Respondent's Exhibit 101.

Petitioner's attorney moved to sever the cases into six different cases:

> It's our contention, your Honor, that by linking all these cases together and bringing all these victims and alleged victims in to hear the cross-examination of each of the alleged victims essentially gives the individuals who are going to be witnesses an opportunity to examine and anticipate the nature of the cross-examination they'll be subjected to, and that could reach as

2 - FINDINGS AND RECOMMENDATION

>       far as to impede the defendant's right to due
>       process . . . under the 5th and 14th Amendments of
>       the US Constitution.

Trial Transcript, Vol. I, p. 6.  The trial court denied the request to sever, and the case proceeded as to all victims.  *Id* at 16-17.

Despite a specific provision in the Oregon Constitution which permits victims to be present throughout trial, counsel later moved to exclude the victim-witnesses from the courtroom during each others' testimony on federal constitutional grounds:

>       I want it to be clear on the record that what we're
>       asking for is that the victims be excluded not from
>       anything in their own -- involving their own
>       incident but that they be excluded from matters
>       solely involving other incidents.  That being, for
>       example, Miss Chernowski would be excluded from the
>       courtroom during any testimony by Miss Frazier and
>       likewise that the allegations that Miss Frazier's
>       making in her testimony don't have anything to do
>       with the case involving Miss Chernowski, and,
>       however, it does have substantial amounts to do
>       with the defendant's right to effective, or the
>       opportunity for effective cross-examination of
>       these individuals, which is the constitutional
>       right to confrontation.
>
>       And it's our position that the federal right to
>       effective opportunity for confrontation of
>       witnesses should persevere over any state statute
>       or constitutional provision, especially since the
>       state statute or constitutional provision doesn't
>       specifically address the issue of hearing
>       information about somebody else's case.  And for
>       that reason, we ask that -- we are asking that each
>       of the victims be excluded from hearing the
>       testimony and cross-examination of the other
>       victims having nothing to do -- materials having
>       nothing to do with their own case.

*Id* at 124-25.  The trial court denied the motion as follows:

3 - FINDINGS AND RECOMMENDATION

> I understand that motion. Nevertheless, I'm going to permit the victims to remain in the courtroom to the extent they want whether or not the witness at the time is testifying about something that specifically relates to the accusations against that particular victim. I think that the fact that these victims are named in a common indictment permits them to be present throughout a trial involving a person against whom they have made an accusation.

*Id* at 125.

Following a six day trial, the jury convicted petitioner on all counts, and the trial court sentenced him to consecutive sentences totaling 100 years in prison. Respondent's Exhibit 101.

Petitioner directly appealed his convictions, but the Oregon Court of Appeals affirmed the trial court without opinion, and the Oregon Supreme Court denied review. *State v. Allen*, 183 Or. App. 146, 52 P.3d 449, *rev. denied*, 335 Or. 114, 61 P.3d 256 (2002).

Petitioner next filed for post-conviction relief ("PCR") in the Malheur County Circuit Court which was denied on all claims. Respondent's Exhibit 120. The Oregon Court of Appeals affirmed the lower court without opinion, and the Oregon Supreme Court denied review. *Allen v. Hill*, 201 Or. App. 732, 122 P.3d 143 (2005), *rev. denied*, 340 Or. 34, 129 P.3d 183 (2006).

In his Second Amended Petition for Writ of Habeas Corpus, petitioner alleges the following grounds for relief:

> A. Petitioner was deprived of his rights to confrontation and due process under the Sixth and Fourteenth Amendments when the trial court denied his motion to exclude victim-witnesses

4 - FINDINGS AND RECOMMENDATION

>   from the courtroom during each others' testimony.
>
> B.  Petitioner was deprived of his right to the effective assistance of counsel under the Sixth and Fourteenth Amendments of the United States Constitution due to his trial counsel's failure to:
>
>   1.  Investigate and present witnesses in Petitioner's defense, including Petitioner's wife, Don Osborne, and a police officer who had interviewed Petitioner.
>
>   2.  Pursue a change of venue due to the extensive publicity surrounding the case.
>
>   3.  Object to the trial court's imposition, without the requisite findings, of consecutive sentences.
>
> C.  Petitioner was deprived of his right to the effective assistance of appellate counsel under the Fourteenth Amendment of the United States Constitution due to his appellate counsel's failure to:
>
>   1.  Appeal the trial court's denial of his motion to sever counts.
>
>   2.  Appeal the trial court's decision admitting Petitioner's statements to police obtained in violation of his Fifth Amendment right against self-incrimination and Sixth Amendment right to counsel.
>
> D.  Petitioner was deprived of his right to a fair trial before an impartial jury under the due process clause of the Fourteenth Amendment of the United States Constitution when the trial court failed to take adequate measures, including the changing of venue, to ensure a fair trial given the extensive media coverage of the case.

Second Amended Petition (docket #13), ¶ 6, pp. 3-4.

5 - FINDINGS AND RECOMMENDATION

Respondent asks the court to deny relief on the Second Amended Petition because: (1) grounds B(1), B(2), B(3), C(2), and D are unargued and lack support in the record; (2) ground C(1) is procedurally defaulted; and (3) the state court decisions are entitled to deference.

## DISCUSSION

### I.  Unargued Claims

Respondent addresses a number of claims in the Second Amended Petition which petitioner has not supported with any briefing, namely grounds B(1), B(2), B(3), C(2) and D. The court has nevertheless reviewed petitioner's unargued claims on the existing record and determined that they do not entitle him to relief. *See* 28 U.S.C. § 2248 ("The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.").

### II.  Exhaustion and Procedural Default

Respondent asserts that ground C(1) is procedurally defaulted because petitioner failed to fairly present the claim to the Oregon Court of Appeals for consideration.

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court

6 - FINDINGS AND RECOMMENDATION

will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims could have been considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

7 - FINDINGS AND RECOMMENDATION

During the PCR appeal, petitioner's appointed attorney could not find "any arguably meritorious issue[s] on appeal." Respondent's Exhibit 121, p. 5. Counsel therefore submitted petitioner's Appellant's Brief pursuant to Oregon's *Balfour* procedure which provides that counsel need not ethically withdraw when faced with only frivolous issues. Rather, the attorney may file Section A of an appellant's brief containing a statement of the case sufficient to "apprise the appellate court of the jurisdictional basis for the appeal." The defendant may then file the Section B segment of the brief containing any assignments of error he wishes. *State v. Balfour*, 311 Or. 434, 451-52, 814 P.2d 1069 (1991).

Counsel filed Section A of the *Balfour* brief and advised the Oregon Court of Appeals that he had "supplied client with copies of pertinent trial court records and provided client a reasonable opportunity to 'raise any issue' in a Section B portion of the brief. *Balfour*, 311 Or at 452. **Client has chosen not to submit a Section B portion on his own behalf.**" Respondent's Exhibit 121, p. 6 (emphasis added). Counsel included two exhibits to the Appellant's Brief: (1) a copy of the PCR Petition which he labeled as Excerpt A; and (2) a copy of the PCR trial court's General Judgment which he labeled as Excerpt B.

Although petitioner argues that these exhibits constitute Section B of the Appellant's Brief, they clearly do not.

8 - FINDINGS AND RECOMMENDATION

Petitioner, through his PCR appellate attorney, specifically advised the Oregon Court of Appeals that he did not intend to file a Section B to his Appellant's Brief.  Consequently, Excerpts A and B were simply exhibits to the Appellant's Brief which consisted solely of Section A.  Thus, the Oregon Court of Appeals never had the opportunity to pass on petitioner's ineffective assistance of appellate counsel claim.  As the time for presenting his claim to the Oregon Court of Appeals passed long ago, it is now procedurally defaulted.  Petitioner does not attempt to excuse the default by establishing cause and prejudice or demonstrating that he is actually innocent of the underlying offenses.

## III. Merits

In his remaining clai (ground A), petitioner asserts that he was deprived of his rights to confrontation and due process under the Sixth and Fourteenth Amendments when the trial court denied his motion to exclude the victim-witnesses from the courtroom during each others' testimony.

### A. Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence

9 - FINDINGS AND RECOMMENDATION

presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id* at 409.

Petitioner argues that because the trial court did not specifically address his federal constitutional argument, no deference is due to its decision. When a state court reaches a decision on the merits, but provides no reasoning to support its conclusion, the federal habeas court must conduct an independent

10 - FINDINGS AND RECOMMENDATION

review of the record to determine whether the state court clearly erred in its application of Supreme Court law. *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000). Despite an independent review of the record, the court still defers to the state court's ultimate decision. *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002). Accordingly this court lends deference to the state court decisions, but will conduct an independent review of the record.

   B.   **Analysis**

The Oregon Constitution provides that crime victims have "[t]he right to be present at and, upon specific request, to be informed in advance of any critical stage of the proceedings held in open court when the defendant will be present. . . ." Section 41(1)(a). Petitioner asserts that the trial court's adherence to this requirement with respect to the victims in this case deprived him of his rights to confrontation and due process under the Sixth and Fourteenth Amendments. He claims that exclusion of the victim-witnesses was important because his defense theory depended on his ability to show that the victims colluded to make false accusations against him based on an altercation he had with one of the women. He argues that the victims' presence throughout the trial allowed them to tailor their stories to the prosecution's theory and avoid inconsistencies during cross-examination.

Habeas corpus relief is available only where a state court decision violates a holding, not dicta, of the U.S. Supreme Court.

   11 - FINDINGS AND RECOMMENDATION

*Brown v. Ornoski*, 503 F.3d 1006, 1011 (9th Cir. 2007). Petitioner cites two Supreme Court cases in support of his claim. He cites *Perry v. Leeke*, 488 U.S. 272, 274-75 (1989), in which the Court held that "the Federal Constitution does not compel every trial judge to allow the defendant to consult with his lawyer while his testimony is in progress if the judge decides that there is a good reason to interrupt the trial for a few minutes." Petitioner also directs the court's attention to a footnote from *United States v. Lane*, 474 U.S. 438, 446 n8 (1986), noting that "Improper joinder [of criminal offenses in an indictment or information] does not, in itself, violate the Constitution. Rather, misjoinder would rise to the level of a constitutional violation only if it results in prejudice so great as to deny a defendant his Fifth Amendment right to a fair trial."

Neither of these cases compel the conclusion that petitioner's rights under the Sixth and Fourteenth Amendments negate a victim's right under the Oregon Constitution to be present throughout the criminal trial of her assailant. Because there is no clearly established federal law on the issue petitioner presents, he is not entitled to habeas corpus relief.

## RECOMMENDATION

For the reasons identified above, the Second Amended Petition for Writ of Habeas Corpus (docket #13) should be DENIED, and judgment should be entered DISMISSING this case with prejudice.

12 - FINDINGS AND RECOMMENDATION

**SCHEDULING ORDER**

Objections to these Findings and Recommendation, if any, are due March 13, 2008. If no objections are filed, then the Findings and Recommendation will be referred to a district judge and go under advisement on that date.

If objections are filed, then the response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district judge and go under advisement.

DATED this <u>25th</u> day of February, 2008.

/s/   Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge

13 - FINDINGS AND RECOMMENDATION